# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| VICTOR PETER BUCHI,<br><br>                              Plaintiff,<br>vs.<br><br>UTAH DEPARTMENT OF CORRECTIONS,<br>                              Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:13CV378 DAK |

This matter is before the court on Defendant Utah Department of Corrections' ("Defendant") Motion to Dismiss and on Plaintiff Victor Peter Buchi's Motion for Leave to File Second Amended Complaint. A hearing on the motion was held on May 5, 2014. At the hearing, Mr. Buchi was represented by Vincent C. Rampton, and Defendant was represented by David N. Wolf. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to these motions. Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND

Plaintiff is a prisoner who has filed a Complaint based upon his belief that he has been denied proper medical treatment, needed supplies, and proper diet for health problems related to his kidney and urinary functions. He has asserted a claim under the Americans with Disabilities Act (Title II) and has also asserted a claim under 42 U.S.C. § 1983, for violation of his Eighth Amendment rights. The court appointed counsel in June 2013, soon after Mr. Buchi filed a

Motion for a Temporary Restraining Order.[1]  On behalf of Mr. Buchi, his appointed counsel filed an Amended Complaint and a Motion for Preliminary Injunction.[2]  A hearing on the Motion for Preliminary Injunction was scheduled for October 23, 2013.  In responding to the Motion for Preliminary Injunction, Defendant argued that the motion was moot because Mr. Buchi was receiving essentially everything he had requested through his motion. Defendant provided four Declarations to support its position.[3]  Defendant also filed the instant Motion to Dismiss.[4]  Approximately one week prior to the hearing, Plaintiff's counsel filed a Motion to Continue the Hearing, which the court granted.[5]  The parties then briefed the Motion to Dismiss, along with Mr. Buchi's Motion for Leave to Amend.

In the Motion to Dismiss, Defendant argues that Plaintiff's First Claim for Relief (Claim under Title II of the ADA) should be dismissed because his claims do not satisfy the requirements of Title II of the Americans with Disabilities Act.  Defendant also argues that Plaintiff's Second Claim for Relief is also subject to dismissal because the Eleventh Amendment bars claims for money damages against the State, and the Department of Corrections is not a "person" subject to suit under 42 U.S.C. § 1983.  Mr. Buchi contends, however, that he has stated a claim under Title II of the ADA.  He also agrees that his 1983 claim against Defendant is flawed and must be dismissed, but he seeks permission to file a Second Amended Complaint to

---

[1] *See* Docket No. 8.

[2] *See* Docket Nos. 18, 19

[3] *See* Docket Nos. 22-26.

[4] *See* Docket No. 27.

[5] *See* Docket Nos. 28, 29.

name various individuals in their official capacities under the doctrine of *Ex Parte Young*.

## II.  DISCUSSION

### A.  ADA CLAIM

Mr. Buchi contends that he seeks reasonable accommodation of his disabilities under Title II of the Americans with Disabilities Act ("ADA") which provides, in relevant part:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (emphasis added). The Tenth Circuit has set forth the elements a plaintiff must prove to prevail under Title II of the ADA:

> (1) that [they] are a qualified individual with a disability; (2) that [they] were either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999). The term "qualified individual with a disability," as defined in Title II of the ADA, means:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

In analyzing who may be included within the definition of a "qualified individual with a disability," the Tenth Circuit, in *Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134 (10th Cir. 2005), explained that under the ADA, a plaintiff is "obligated to show that he is 'otherwise

3

qualified for the benefits he [seeks].'" *Id*. at 1144 (quoting *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1493-94 (10th Cir.1992), *cert. denied*, 507 U.S. 910 (1993)). The *Fitzgerald* court found that the term, "otherwise qualified" cannot ordinarily be applied 'in the comparatively fluid context of medical treatment decisions without distorting its plain meaning.'" *Id*. (internal citation omitted).

In *Fitzgerald*, the plaintiff, an insulin-dependent diabetic inmate, informed the jail staff upon his entry into the prison that he required a special diet, regular injections, a wheelchair, and other medicines. *Fitzgerald*, 403 F.3d at 1137. The plaintiff claimed he was denied the wheelchair, surgery for his hip, and proper management of his diabetic diet, insulin, and blood sugar levels. *See id*. He alleged that he was denied these medically necessary supplies and treatment because of his diabetic condition. After being injured in a fall, the plaintiff claimed that he did not receive proper, timely medical care, and that he received insufficient non-prescription pain medication during his period of recovery. *See id*. He then filed a complaint under the ADA. *See id*.

In denying the plaintiff's claims, the Tenth Circuit explained, "it is well settled that the ADA does not provide a private right of action for substandard medical treatment." *Id*. at 1144. The court also explained that the plaintiff "would not have been 'otherwise qualified' for such treatment in the absence of his alleged disability [as] his alleged disability in this case was the reason why [the plaintiff] was seeking medical treatment." *Id*. The court concluded, "[t]hese are the sort of purely medical decisions that we have held do not ordinarily fall within the scope of the ADA. *Id*.; *see also Rashad v. Doughty*, 2001 WL 68708, *1 (10th Cir. Jan. 29, 2001) ("[t]he failure to provide medical treatment to a disabled prisoner, while raising Eighth Amendment

4

concerns in certain circumstances, does not constitute an ADA violation"); *McCoy v. Los Angeles County Sheriff's Dep't.*, 2010 WL 330235, *9 (C. D. Cal. Jan. 18, 2010) (finding that plaintiff's claims of failure to accommodate his disability were instead claims of medical negligence).

The court agrees with Defendant that Mr. Buchi, like Mr. Fitzgerald, is not an "otherwise qualified individual with a disability" under the ADA. Mr. Buchi is not qualified for the treatment he is demanding in the absence of his alleged disability. Instead, his alleged disability is the reason he is seeking medical treatment. Furthermore, as was found in *Fitzgerald*, the medical decisions of the doctors at the Department of Corrections are the types of purely medical decisions that do not ordinarily fall within the scope of the ADA. *See id*. Because Plaintiff is not a "qualified individual with a disability," he does not satisfy the requirements of the ADA.

In addition, Mr. Buchi has not claimed that Defendant discriminated against him *because of* his alleged disability. As a result, he fails to satisfy an essential element of his ADA claim. To prove treatment was denied solely by reason of disability, a plaintiff must show "that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Gohier*, 186 F.3d at 1219. The Tenth Circuit has followed the Second Circuit in stating: "Where the handicapping condition is related to the condition(s) to be treated, it will rarely, if ever, be possible to say . . . that a particular decision was 'discriminatory.'" *Fitzgerald,* 403 F.3d at 1144 (quoting *United States v. University Hospital*, 729 F.2d 144, 157 (2nd Cir. 1984)). In the instant case, Mr. Buchi has not claimed he was discriminated against because of his medical condition which is the basis of his alleged disability.

Accordingly, for these two reasons, Mr. Buchi has failed to state a claim under Title II of

the ADA, and his First Claim for Relief is therefore dismissed.

**B. CIVIL RIGHTS CLAIM UNDER § 1983**

Mr. Buchi concedes that his § 1983 claim against Defendant is untenable as a matter of law, and he has proposed a Second Amended Complaint.[6] To maintain a cause of action for prospective injunctive relief under *Ex Parte Young*, a plaintiff must name as defendants the state officials who are responsible for enforcing the contested statute in their official capacity. *Id*. The proposed Second Amended Complaint names the Executive Director of the Utah State Department of Corrections, Mr. Buchi's attending physician at the Utah State Department of Corrections, the Uintah 4 Unit Captain at the Utah State Correctional Facility, the Support Services Captain responsible for food service at the Utah State Correctional Facility, and the medical supply clerk responsible for disbursement of supplies to Mr. Buchi at the Utah State Correctional Facility. Mr. Buchi also seeks to add a claim under the Utah Constitution.

Defendant argues that the court should deny Mr. Buchi's Motion for Leave to File a Second Amended Complaint for two reasons. First, Defendant contends, the proposed Second Amended Complaint improperly lists all the proposed Individual Defendants without differentiating what conduct is attributed to each of the Individual Defendants. The court agrees that any amended Complaint that is permitted in the future would be required to connect each

---

[6] Courts have uniformly recognized that, under the Eleventh Amendment, the states have immunity from suit in federal court. Therefore, a federal court action seeking an award of Section 1983 damages against a state, state agency or a state official sued in their official capacity is barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651 663 (1974). In addition, the Department of Corrections is not a "person" under 42 U.S.C. § 1983. Plaintiff seeks leave to file a Second Amended Complaint to remedy this issue by naming individual state officials under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908).

Individual Defendant with their alleged wrong acts.

In addition, Defendant contends that Mr. Buchi is receiving his requested medical supplies and renal diet and, thus, his claims for relief have been rendered moot and there is no controversy for this court to resolve.[7] Accordingly, Defendant argues that it would be futile to file a Second Amended Complaint, and it seeks dismissal of this action.

For a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996) (citing *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). A case is deemed moot where the problem sought to be remedied has ceased, or where there "is no reasonable expectation that the wrong will be repeated." *Id*.

At the hearing on the instant motion, when the court inquired as to what Mr. Buchi still seeks that he claims he is not receiving. Mr. Buchi's counsel indicated that Mr. Buchi seeks an Order pertaining to his continued and future medical treatment. The court, however, will not issue such a general order as to Mr. Buchi's medical treatment, particularly when Mr. Buchi's treatment needs could change, and, moreover, when Mr. Buchi has not established any violation of the law.

Given the evidence provided by Defendant that Mr. Buchi is receiving essentially all the treatment he sought in his Complaint and his Motion for Preliminary Injunction, it is unclear to this court what controversy remains in this lawsuit. The court is cognizant, however, that Mr. Buchi has not had the opportunity to provide this court with evidence of the alleged violations of

---

[7] Defendant relies on the four Declarations submitted in connection with Defendant's Memorandum in Opposition to Motion for Preliminary Injunction.

the Eighth Amendment. To this end, the court directs Mr. Buchi to file a memorandum explaining why this action is not moot. If the court determines, after receiving the memorandum, that there is still a live controversy to resolve, the court will permit Mr. Buchi to file a Second Amended Complaint that conforms to the instructions above, and it will then direct Defendants to file a Martinez Report, along with a Motion for Summary Judgment if they so choose.

In filing the memorandum requested by the court, Mr. Buchi shall bear in mind that "disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to violate the Eighth Amendment." *See Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir.1999). Furthermore, inadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to "deliberate indifference to serious medical needs" and is not a constitutional violation. *See id.; Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980).

### III. MR. BUCHI'S CONTINUED PRO SE FILINGS

Mr. Buchi has continued to file motions and other documents with the court, even after counsel was appointed.[8] Mr. Buchi is directed to communicate with his counsel and to refrain from sending documents directly to the court. While the court will file these pro se documents in the docket, Defendant need not respond to any such filings, and the court will not address any of the filings – with one exception.

Mr. Buchi's most recent filing is a Motion for Appointment of New Counsel. The court denies the motion. Mr. Buchi's counsel is an experienced and highly respected member of the

---

[8] *See* Docket Nos. 30, 37, 38, 40, and 41.

Utah State Bar. Mr. Buchi's complaints about his counsel merely reflect his misconceptions about the legal system. For example, he complains, among other things, that his counsel has "managed to deny me two personal appearances with this court," and thus, he claims, he hasn't been able to tell the court "all my other issues." Mr. Buchi apparently does not understand the mechanics of a lawsuit. In the context of oral argument on a Motion to Dismiss or Motion for Leave to Amend, he would not have had any opportunity to address the court. Nor does he have any right to be present for such legal arguments.

The court instructs Mr. Buchi that his court filings will not be addressed unless they are filed by his counsel.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Docket No. 27] is GRANTED and Plaintiff's Motion for Leave to File Second Amended Complaint [Docket No. 32] is DENIED. The court will reconsider the Motion for Leave to Amend in the future, if necessary.

As discussed above, Plaintiff is ordered to file a memorandum, by July 1, 2014, explaining why this lawsuit is not moot. Plaintiff's pro se Motion for Preliminary Injunction [Docket No. 37] is DENIED, and his Motion for Appointment of New Counsel [Docket No. 41] is DENIED. The court will not address any *pro se* motion or any other document filed by Mr. Buchi; the court will review only those filings made by Mr. Buchi's counsel.

DATED this 6th day of June, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge